Kirsten G. Scott, Cal Bar. No. 253464
Teresa S. Renaker, Cal. Bar No. 187800
RENAKER SCOTT LLP
505 Montgomery St., Suite 1125
San Francisco, CA 94104
Telephone: (415) 653-1733
Facsimile: (415) 727-5079
teresa@renakerscott.com
kirsten@renakerscott.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>vs.<br><br>FIRST UNUM LIFE INSURANCE COMPANY,<br><br>          Defendant. | Case No. 24-cv-1730<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PERMIT PLAINTIFF TO PROCEED UNDER FICTITIOUS NAME** |

Pursuant to Civil Local Rule 7-11, Plaintiff hereby moves the Court for administrative relief in the form of an order permitting him to proceed under a fictitious name. Plaintiff, who suffers from AIDS and several other conditions, brings this suit under ERISA[1] to recover benefits under the long-term disability plan ("the Plan") sponsored by his former employer, which is insured and administered by Defendant First Unum Life Insurance Company ("Unum"). Plaintiff contends that Unum improperly terminated his benefits under the Plan. Applying the standards set forth by the Ninth Circuit, Plaintiff's motion should be granted because: (1) no prejudice to Defendant or the public will result from his pseudonymity, and (2) proceeding under his true name would expose Plaintiff to personal embarrassment and stigma.

1. **Legal Standard.**

A party may "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("*Advanced Textile*"). In particular, nondisclosure of a party's identity is permitted where necessary "'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* (internal quotation and citation omitted). Because a significant stigma attaches to persons with AIDS, and because of his embarrassment from symptoms including unpredictable diarrhea, bowel incontinence and rectal bleeding, which routinely cause accidents and require the use of adult diapers, it is necessary to shield Plaintiff's identity to protect him from ridicule and embarrassment. *See* Complaint, ¶¶ 15, 38. Moreover, there is no legitimate public interest in connecting Plaintiff's identity with the confidential medical information that the Court must consider in adjudicating his disability claim.

2. **Defendant Will Not Be Prejudiced.**

Allowing Plaintiff to proceed pseudonymously will not prejudice the opposing party, the Plan's insurer. Defendant can ascertain Plaintiff's identity from the Complaint, which pleads the

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PROCEED
UNDER FICTITIOUS NAME                                                                                                    PAGE   1

policy number and Plaintiff's claim number for the purpose of allowing Defendant to identify him. (Compl. ¶¶ 5, 7.) Therefore, allowing Plaintiff to proceed under a fictitious name will have no effect on Defendant's ability to mount a defense to Plaintiff's claims. *Cf. Advanced Textile*, 214 F.3d at 1072 (noting that defendants might be prejudiced at later stage of litigation by inability to refute individualized allegations by anonymous plaintiffs whose identity was not known even by defendants, but nonetheless granting permission to proceed as Doe plaintiffs). Moreover, Defendant will not be prejudiced because this case is a straightforward dispute over the application of contract terms to evidence in the insurance claim file and Defendant's handling of Plaintiff's claim. Defendant's character and reputation will not be at issue. *Cf. Doe v. Lepley*, 185 F.R.D. 605, 607 (D. Nev. 1999) (holding that defendants would be prejudiced by anonymous attacks on their character). The only issue in this case is whether the evidence demonstrates that Plaintiff is disabled within the meaning of the Plan.

Because Defendant knows Plaintiff's identity and Plaintiff is not attacking Defendant's character or reputation, the factor of prejudice to the defendant carries no weight in this case.

### 3. The Public Interest Will Be Satisfied Without Disclosure of Plaintiff's Name.

Weighing the public interest factor in *Advanced Textile*, the Ninth Circuit held that "[t]he public's interest in this case can be satisfied without revealing the plaintiffs' identities." 214 F.3d at 1069. The same is true in this case. Plaintiff's benefits claim will be decided on facts about his medical conditions and symptoms that are extremely personal and private in nature, including his thirty-year history of AIDS and current symptoms such as severe diarrhea and fecal incontinence. Complaint, ¶¶ 12-15, 34, 38. Additionally, as the complaint reveals, Plaintiff is active in his church community, to the extent possible given his medical limitations, and Plaintiff's church activities formed a key basis of his insurer's determination that he is able to work. *Id.* at ¶¶ 36-37. Public disclosure of his AIDS diagnosis could stigmatize him in the eyes of some members of that community and jeopardize an important source of spiritual support on which Plaintiff relies to help him cope with severe chronic illness. *See id.* While disclosure of information about Plaintiff's diagnoses and symptoms is necessary for the Court to adjudicate

the claim, there is no legitimate public interest in connecting Plaintiff's identity with these medical facts.

As the Fifth Circuit has observed, permitting party anonymity is not necessarily equivalent to denying public access to court proceedings. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Instead, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Id.* Requiring Plaintiff to proceed under his true name would needlessly expose him to casual public viewing of his extremely personal medical information. *See* Daniel J. Solove, *Access and Aggregation: Public Records, Privacy and the Constitution*, 86 MINN. L. REV. 1137, 1139 (2002) (noting dramatic expansion of electronic access to public records); Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. KAN. L. REV. 195, 199 (2004) ("Court records are one form of information that can now be collected easily and inexpensively from virtually anywhere.").

Indeed, the Federal Rules and this Court's rules recognize that individuals should not have to expose personal medical information to casual online viewing by the public in order to recover disability benefits. In the context of benefit claims under the Social Security Act, only counsel for the parties have remote electronic access to documents filed in the case. Fed. R. Civ. P. 5-2(c); Civil L.R. 5-1(c)(5)(B)(i). The only distinction between this case and a Social Security disability benefit case is that this case involves a private insurer while a Social Security case involves a neutral government decision-maker. Both types of cases turn on an individual's medical records and information – which, in every other context, are deemed to require the highest level of privacy protection. *See, e.g., So. Carolina Med. Ass'n v. Thompson*, 327 F.3d 346, 348-49 (4th Cir. 2003) (discussing HIPAA and noting congressional recognition of "the importance of protecting the privacy of health information in the midst of the rapid evolution of health information systems"). Here, prior to Unum's abrupt termination of Plaintiff's disability benefits in 2023, Plaintiff received on-going benefits from both Unum and the Social Security

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PROCEED
UNDER FICTITIOUS NAME                                                                                    PAGE   3

Administration for more than twenty-five years. Complaint, ¶¶ 23, 26. the medical facts are identical for the ongoing Social Security claim and the terminated Unum claim. If the positions were reversed such that it was the Social Security Administration that had terminated Plaintiff's benefits, rather than Unum, the Federal Rules and Local Rules would automatically protect Plaintiff's privacy. Indeed, the public interest will be better served by allowing Plaintiff to proceed anonymously than by requiring him to choose between pursuing his claim and forfeiting his privacy. *See* Ressler, 53 U. KAN. L. REV. at 198-204, 220 (noting harm to judicial system if plaintiffs forgo claims to preserve privacy due to ready electronic access to court filings). Likewise, the public interest will be better served by permitting Plaintiff to proceed under a pseudonym than by sealing the medical evidence in the case, because sealing will require needless expenditure of Court resources and will prevent similarly situated parties – whether plan participants, plans, or insurers – and courts in similar cases from relying on the Court's application of the Plan terms to the medical facts.

Because Plaintiff's claim involves stigmatizing and intensely private medical facts, he should be permitted to proceed under a pseudonym to protect his privacy.

    **4.**    **Special Circumstances Demonstrate Plaintiff's Need for Anonymity in That Disclosure of Plaintiff's AIDS And His Related Symptoms Will Expose Him to Humiliation and Embarrassment and Needlessly Violate His Medical Privacy.**

Plaintiff's concern about the stigma associated with HIV/AIDS infection is far from unfounded, and numerous courts have noted the private nature of information about HIV/AIDS infection. *See Doe One v. CVS Pharmacy, Inc.*, No. C18-1031, 2022 WL 3139516, at *1 n.1 (N.D. Cal. Aug. 5, 2022) (noting HIV-positive/AIDS plaintiffs challenging access to HIV/AIDS medication were anonymous "due to the sensitive nature of this action")); *Doe v. City & Cnty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017) ("the use of a pseudonym is appropriate to protect Plaintiff from injury or personal embarrassment, based on Plaintiff's HIV-positive status," recognizing that "HIV-positive plaintiffs are in a highly sensitive position and therefore should be allowed to proceed

anonymously."); *Doe v. Dept. of Veterans Affairs of U.S.*, 474 F. Supp. 2d 1100, 1103 (D. Minn. 2007) (calling HIV-positive status "extraordinarily private information"), *aff'd on other grounds*, 519 F.3d 456 (8th Cir. 2008); *Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1443 n.1 (11th Cir. 1998) (permitting HIV-positive plaintiff to proceed under pseudonym to protect privacy); *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) ("Individuals who are infected with the HIV virus clearly possess a constitutional right to privacy regarding their condition.").

In *Patient v. Corbin*, 37 F. Supp. 2d 433 (E.D. Va. 1998), the court observed as follows:

> [T]he record sufficiently establishes that plaintiff and her husband have a substantial privacy interest in being protected from the general public knowing that plaintiff's husband is HIV positive. Being HIV positive carries a significant stigma in many parts of today's society. Given the increase in public access to court docket sheets via electronic means, public disclosure of plaintiff and her husband's identities could subject them to public vilification. Therefore, proceeding anonymously is appropriate.

*Id.* at 433-34.

In addition, Plaintiff's unpredictable bouts of diarrhea – which is a common symptom of long-term HIV/AIDS patients, both from the HIV/AIDS and from long-time use of medications – routinely causes accidents, significant disruption to Plaintiff's plans, and embarrassment and humiliation for him. Complaint, ¶ 15. Thus, disclosure of Plaintiff's AIDS and his related symptoms will expose him to humiliation and embarrassment, and these special circumstances demonstrate Plaintiff's need for anonymity.

**5.      Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests that his motion for administrative relief be granted.

//

//

//

//

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO PROCEED
UNDER FICTITIOUS NAME                                                                                      PAGE   5

| | | |
|---|---|---|
| Dated: March 20, 2024 | Respectfully submitted, | |
| | RENAKER SCOTT LLP | |
| | By: | /s/ Kirsten Scott |
| | Kirsten Scott | |
| | *Attorneys for Plaintiff* | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28